# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-303V
### Filed: June 22, 2015
Unpublished

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| ROBERT VANOSDOL, | \* | |
| | \* | |
| Petitioner, | \* | Ruling on Entitlement; Concession; |
| | \* | Tetanus diphtheria acellular pertussis |
| | \* | ("Tdap"); Brachial Neuritis; Table Injury; |
| | \* | Special Processing Unit ("SPU") |
| | \* | |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*John Robert Howie, Jr., Howie Law, P.C., Dallas, TX, for petitioner.*
*Lara Ann Englund, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

**Vowell**, Chief Special Master:

On March 25, 2015, Robert VanOsdol filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that he suffered brachial neuritis after receiving a Tetanus, diphtheria and acellular pertussis ("Tdap") vaccine on April 13, 2012. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 22, 2015, respondent filed her Rule 4(c) report in which she concedes that petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, respondent states that "Medical personnel at the Division of Injury Compensation Programs, Department of Health and Human Services ("DICP"), have

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

reviewed the petition and supporting documentation filed in this case. Based on this review, DICP concludes that petitioner suffered a Table brachial neuritis, and that there is not a preponderance of evidence that the brachial neuritis was due to factors unrelated to the vaccination. Therefore, compensation is appropriate." *Id.* at 4.

**In view of respondent's concession and the evidence before me, I find that petitioner is entitled to compensation.**

<u>**s/Denise K. Vowell**</u>
Denise K. Vowell
Chief Special Master